# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **SETH HARP,** *Plaintiff* § § § | |
| **v.** § § § | **Case No. 1:23-CV-00106-LY-SH** |
| **UNITED STATES ARMY SPECIAL OPERATIONS COMMAND,** *Defendant* § § § § | |

## ORDER

Before the Court is Plaintiff's Complaint (Dkt. 1-1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 1), both filed February 1, 2023. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 2.

### I. Motion to Proceed *In Forma Pauperis*

After reviewing Plaintiff's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Accordingly, the Court **HEREBY GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 1) and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1).

## II.   Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Plaintiff alleges that he is an investigative reporter who "routinely requests records from federal agencies pursuant to FOIA, analyzes the responses, and disseminates his findings and the requested records to the American public to inform them about 'what their government is up to.'" Dkt. 1-1 (Complaint) ¶ 3. On February 7, 2022, Plaintiff allegedly submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to Defendant United States Army Special Operations Command seeking records related to Staff Sergeant David A. Rankine's court martial.

*Id.* ¶ 8. Plaintiff alleges that Defendant informed him that it could not release the records to him, but did not claim that the records were subject to a FOIA exemption. *Id.* ¶¶ 9-10. In January 2023, Defendant allegedly informed Plaintiff that the records had been transferred to the United States Army Court of Criminal Appeals and must be requested from that court. *Id.* ¶ 11. Plaintiff further alleges that he contacted the clerk of the United States Army Court of Criminal Appeals in Fort Belvoir, Virginia, but was told that he would have to pursue his FOIA request with Defendant. *Id.* ¶ 12. Plaintiff claims that Defendant has failed to respond to his request or produced records in violation of 5 U.S.C. § 552, which requires that an agency make a determination within 20 days of receipt of a request, and is "unlawfully withholding records." *Id.* ¶¶ 17, 19.

The Court finds that Plaintiff's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Accordingly, this Magistrate Judge does not recommend that the District Court dismiss this case under Section 1915(e)(2)(B).

### III.  Conclusion

The Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 1) and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). The Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

**SIGNED** on February 27, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE